Nathaniel K. Charny
Charny & Associates
9 West Market Street
Rhinebeck, New York 12572
Tel: (845) 876-7500
Fax: (845) 876-7501
ncharny@charnyandassociates.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVER RAMIREZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUPERFRESH GROUP INCORPORATED d/b/a LITM BAR, RESTAURANT AND ART GALLERY, JELYNNE JARDINIANO, in her individual capacity, and ANDREA MORIN, in her individual capacity,<br><br>Defendants. | COMPLAINT<br><br>Civil Action No.: |

Plaintiff, Ever Ramirez, individually, and on behalf of others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime wages for plaintiff and others similarly situated. Plaintiff was an hourly employee who worked for defendants Superfresh Group Incorporated d/b/a LITM Bar, Restaurant and Art Gallery ("LITM"), Jelynne Jardiniano, and Andrea Morin (jointly referred to as "defendants") at the LITM restaurant located at 140 Newark Avenue, Jersey City, New Jersey, 07302.

1

2. Defendants have deprived plaintiff and his co-workers of overtime pay since at least on or about August 1, 2011, in violation of the Fair Labor Standards Act ("FLSA").

3. Defendants have deprived plaintiffs of overtime pay since at least on or about August 1, 2012, in violation of New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

4. With respect to the federal claim ascertained herein, the Court's original jurisdiction is invoked pursuant to 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§ 201, et seq.

5. With respect to the state claim ascertained herein, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), as the state claim is so related that it forms part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District because the acts and/or omissions giving rise to the claims herein alleged took place at defendants' business located at 140 Newark Avenue, Jersey City, New Jersey, 07302.

## PARTIES

7. Ever Ramirez ("Ramirez" or "plaintiff") is a former employee of defendants and resides in Essex County, New Jersey.

8. Defendant LITM is a non-publicly traded New Jersey domestic business corporation operating a restaurant at 140 Newark Avenue, Jersey City, New Jersey, 07302, which is also its registered corporate address.

9. At all times relevant herein, defendant LITM operated and operates under the assumed name of LITM Bar.

10. Upon information and belief, at all times relevant herein, defendant Jelynne Jardiniano held an ownership interest in LITM.

11. Upon information and belief, at all times relevant herein, defendant Andrea Morin was employed by LITM as a manager.

12. At all times relevant herein, defendant Jelynne Jardiniano exercised control over all aspects of the day-to-day functions of LITM, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and did establish, the terms of employment of plaintiff and others similarly situated; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

13. At all times relevant herein, defendant Andrea Morin exercised control over all aspects of the day-to-day functions of LITM, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and did establish, the terms of employment of plaintiff and others similarly situated; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

14. At all times relevant herein, defendant Jelynne Jardiniano acted directly and indirectly in defendant LITM's interest in relation to its employees, including plaintiff and others similarly situated.

15. At all times relevant herein, defendant Andrea Morin acted directly and indirectly in defendant LITM's interest in relation to its employees, including plaintiff and others similarly situated.

16. At all times relevant herein, defendant Jelynne Jardiniano had the power to supervise and did in fact supervise the employees at LITM with the performance of their duties for defendants.

17. At all times relevant herein, defendant Andrea Morin had the power to supervise and did in fact supervise the employees at LITM with the performance of their duties for defendants.

18. At all times relevant herein, defendant Jelynne Jardiniano had the power to direct and did in fact direct the employees at LITM with the performance of their duties for defendants.

19. At all times relevant herein, defendant Andrea Morin had the power to direct and did in fact direct the employees at LITM with the performance of their duties for defendants.

20. At all times relevant herein, defendant Jelynne Jardiniano had the power to hire and fire and did in fact hire and fire the employees at LITM with the performance of their duties for defendants.

21. At all times relevant herein, defendant Andrea Morin had the power to hire and fire and did in fact hire and fire the employees at LITM with the performance of their duties for defendants.

22. At all times relevant herein, defendant Jelynne Jardiniano had the power to make decisions about the workplace duties and hours of employees at LITM and did in fact make decisions about the workplace hours and duties of such employees.

23. At all times relevant herein, defendant Andrea Morin had the power to make decisions about the workplace duties and hours of employees at LITM and did in fact make decisions about the workplace hours and duties of such employees.

24. At all times relevant herein, defendant Jelynne Jardiniano had the power to make decisions about the rate and method of pay of the employees at LITM.

25. At all times relevant herein, defendant Andrea Morin had the power to make decisions about the rate and method of pay of the employees at LITM.

26. At all times relevant herein, plaintiff worked at defendant LITM located at 140 Newark Avenue, Jersey City, New Jersey, 07302.

27. At all times relevant herein, individual defendants enjoyed equal power to act with respect to supervising, directing, hiring and firing, making decisions about workplace duties and hours and making decisions about pay of defendants' employees.

28. At all times relevant herein, 140 Newark Avenue, Jersey City, New Jersey, 07302 served as the primary office for the bookkeeping and recordkeeping of defendants' operations.

29. At all times relevant herein, all primary food staples and supplies LITM, were delivered by vendors to and received at LITM on 140 Newark Avenue, Jersey City, New Jersey, 07302.

30. At all times relevant herein, there existed common ownership and financial control over defendant LITM in that individual defendants each held an ownership interest in defendant LITM, and individual defendants jointly cooperate and coordinate operational control over defendant LITM.

31. At all times relevant herein, defendants were engaged in related activities with respect to the operation of LITM.

32. At all times relevant herein, defendants performed such activities for the common business purpose of operating a restaurant for profit.

33. Since at least 2011, defendants have employed and continue to employ two or more individuals, handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

34. Since at least 2011, defendants' annual gross volume of sales made or business done was not and continues to be not less than $500,000 per year.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings his first claim for relief as a collective action under Section 216(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by defendants at LITM between on or about August 1, 2011 and the date of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

36. For purposes of the FLSA collective action, the Class is defined as:

> All non-exempt manual workers employed by defendants during the period August 1, 2011 to the present who worked over forty (40) hours per week and did not receive overtime compensation.

37. At all times relevant to this complaint and upon information and belief, plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated, have had substantially similar compensation provisions, have been subject to defendants' policies and practices of willfully failing to pay overtime wages at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek. Thus, plaintiff's claim is essentially the same as that of the FLSA Collective Plaintiffs.

## PLAINTIFF'S NJWHL ALLEGATIONS

38. Plaintiff brings his second claim for relief pursuant to NJWHL for the periods that he was employed by defendants between on or about August 1, 2012 and on or about March 31, 2014.

39. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully, and knew that the violation of NJWHL would economically injure plaintiff.

40. Plaintiff regularly worked in excess of forty (40) hours per workweek.

41. Defendants unlawfully failed to pay plaintiff at the overtime rate as provided by NJWHL for all hours in excess of forty (40) in a workweek.

## FACTS

42. Plaintiff was employed as a line cook, food preparer, dishwasher and cleaner by defendants between on or about March 1, 2012 and on or about March 31, 2014. As such, plaintiff is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NJWHL, N.J.S.A. § 34:11-56a1, and not exempt by FLSA, 29 U.S.C. § 213.

43. Plaintiff's job duties for defendants included, but were not limited to, cooking dishes from LITM's menu, cutting vegetables, preparing meats, seasoning vegetables and meats, cooking pasta, preparing salads, cleaning the kitchen, cleaning the main dining area, washing dishes used in the kitchen for food preparation, washing dishes used by customers of LITM.

44. In performing his duties and responsibilities for defendants, plaintiff handled and worked on goods or materials that have been moved among the several states or between New Jersey and places outside of New Jersey, including but not limited to cleaning supplies, menu ingredients, cooking implements, serving dishes and silverware.

7

45. Between on or about March 1, 2012 until on or about August 31, 2012, plaintiff regularly worked Mondays from 8:00 a.m. until Tuesdays at 12:00 a.m., Tuesdays from 4:00 p.m. until Wednesdays at 12:00 a.m., Wednesdays from 4:00 p.m. until Thursdays at 12:00 a.m., Thursdays from 8:00 a.m. until Fridays at 1:00 a.m., Fridays from 4:00 p.m. until Saturdays at 1:00 a.m., Saturdays from 4:00 p.m. until Sundays at 1:00 a.m., and Sundays from 11:00 a.m. until 10:00 p.m., for a total of 78 hours per week and was paid $700 in cash each week.

46. Between on or about September 1, 2012 until on or about March 31, 2014, plaintiff regularly worked Mondays from 12:00 p.m. until Tuesdays at 12:00 a.m., Tuesdays from 12:00 p.m. until Wednesdays at 12:00 a.m., Wednesdays from 4:00 p.m. until Thursdays at 12:00 a.m., Thursdays from 12:00 p.m. until 4:00 p.m., Fridays from 12:00 p.m. until 1:00 a.m. on Saturdays, Saturdays from 4:00 p.m. until 1:00 a.m. on Sundays, and Sundays from 11:00 a.m. until 10:00 p.m., for a total of 69 hours per week and was paid $600 in cash each week.

47. Throughout plaintiff's employment, plaintiff and others similarly situated were not compensated at a rate of time-and-one-half their regular hourly rate for hours worked in excess of forty (40) hours.

## FIRST CLAIM FOR RELIEF

FLSA Overtime Claim, 29 U.S.C. § 201 et seq.
Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

48. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

49. In light of defendants' unlawful failure to pay overtime wages, plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for his

unpaid overtime compensation, liquidated damages as provided by the FLSA, attorney's fees and costs along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

NJWHL Overtime Claim, N.J.S.A. § 34:11-56a4; N.J.A.C § 12:56-6.1

50. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

51. Between August 1, 2012 and March 31, 2014, Defendants failed to pay plaintiff overtime wages in violation of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4, and the New Jersey Wage and Hour Regulations, N.J.A.C § 12:56-6.1.

52. In light of defendants' unlawful failure to pay minimum wages, plaintiff seeks and is entitled to recover his unpaid compensation, damages pursuant to N.J.S.A § 34:11-56a25, attorney's fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, requests relief as follows:

i. Designation of this Action as a Collective Action for the purpose of the claim brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

ii. Designation of plaintiff as representative of the FLSA Collective Plaintiffs;

iii. An award of overtime compensation under the FLSA and N.J.S.A.;

iv. An award of liquidated damages pursuant to the FLSA;

v. An award of damages for violations of N.J.S.A.;

vi. All penalties available under the applicable laws;

vii. Attorney's fees pursuant to 29 U.S.C. § 216, N.J.S.A § 34:11-56a25 and all other applicable statutes;

viii. Interest as provided by law; and

ix. Such other relief as this Court deems just and proper.

Dated: Rhinebeck, New York
September 26, 2014

    s/ Nathaniel K. Charny
    Nathaniel K. Charny
    Charny & Associates
    9 West Market Street
    Rhinebeck, New York 12572
    Tel: (845) 876-7500
    Fax: (845) 876-7501

    Attorneys for Plaintiff